UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA          :

   - v -                                             :        **AFFIRMATION**

**ANTHONY MORANTE,**                  :        08 CR. 585 (GEL)

         Defendant.                     :

------------------------------------------------------X

      **PEGGY M. CROSS, Esq.**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

      1. I am a staff attorney with the Federal Defenders and trial counsel to the defendant Anthony Morante. I make this affirmation in support of Mr. Morante's motion to suppress physical evidence seized from him, and statements made by him, on or about March 19, 2008. All statements herein are based on information and belief, unless otherwise indicated.

      2. Mr. Morante is charged by indictment with one count of possession of a firearm.

      3. At approximately 6:00 p.m. on March 19, 2008, according to the criminal complaint filed in this case, a police officer "observed a group of people in front of a small grocery store" that the officer "knew from his past experience to be a drug-selling location." See Exhibit A, Criminal Complaint at ¶2(b). According to the complaint, the officer saw Mr. Morante "[a]mong the group of people in front of the small grocery store . . . talking to an unidentified male." Id. According to the complaint, the officer "saw the unidentified male hand a quantity of U.S. currency" to Mr. Morante and saw Mr. Morante "give something to the unidentified male." Id. The officer then saw a black livery cab pull up to where Mr. Morante was standing, saw Mr.

Morante get in the livery cab, id. at ¶2(c), and, together with another officer, proceeded to follow the cab and pull it over. Id. at ¶¶2(d), 3. After stopping the cab, the first officer approached the "driver's side window" while the second officer approached "a back passenger window." Id. at ¶3(a). The second officer "could not see into the back seat because the windows were tinted." Id. at ¶3(cb). He knocked on the window, "but the window did not roll down," and he "then attempted to open the door to the back passenger seat, but the door would not open." Id. "Eventually, the window came down" and the officer saw Mr. Morante sitting in the back seat. Id. After questioning Mr. Morante, the second officer recovered a knife and a gun from Mr. Morante. Id. at ¶3(c)-(e).

4. According to the complaint, Mr. Morante made certain statements regarding the knife and the gun after the officers stopped the car and questioned him. Exhibit A at ¶3(c), (f).

5. Mr. Morante denies engaging in any suspicious behavior prior to his encounter with the police. See Exh. B ¶3. He denies being involved in any exchange of money for an object. Id. He also states that, to the best of his knowledge, the livery cab in which he was riding was not involved in a traffic infraction prior to being pulled over by the police. Id. at ¶4.

6. The physical evidence in this case should be suppressed because it was obtained in violation of Mr. Morante's constitutional rights. The police had no authority as an initial matter to detain or seize Mr. Morante, see Terry v. Ohio, 392 U.S. 1, 30 (1968); United States v. Bayless, 201 F.3d 116, 132 (2d Cir. 2000), or to stop the livery cab in which he was riding, see Brendlin v. California, 127 S. Ct. 2400 (2007), and they did not have the authority to frisk, seize, or arrest him. Ybara v. Illinois, 444 U.S. 85, 93 (1979); United States v. Jaramillo, 25 F.3d 1146, 1151 (2d Cir. 1994). Thus, the seizure and arrest of Mr. Morante and the discovery of the knife

and firearm were unlawful.

7. While in police custody, Mr. Morante made statements to the officers. These statements are the unlawful fruit of the illegal seizure of Mr. Morante and must therefore be suppressed as well. Brown v. Illinois, 422 U.S. 590 (1975).

**WHEREFORE**, it is respectfully requested that the Court issue an ORDER suppressing the physical evidence and statements obtained from Mr. Morante in violation of his constitutional rights; or in the alternative that the Court set a hearing on this motion pursuant to Federal Rules of Criminal Procedure 12 and 41.

Dated: New York, New York
       August 15, 2008

*[signature]*

_____
**PEGGY M. CROSS, ESQ.**

Approved: _____
GLEN KOPP
Assistant United States Attorney

Before: HONORABLE DEBRA C. FREEMAN
United States Magistrate Judge
Southern District of New York

08 MAG 0886

- - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SEALED COMPLAINT |
| - v. - | : | Violations of 18 U.S.C. §§ 922(g)(1) and (k) |
| ANTHONY MORANTE, a/k/a "Anthony Morento," | : | |
| | : | COUNTY OF OFFENSE: BRONX |
| Defendant. | : | |

- - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

EDWARD BRITTAIN, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

On or about March 19, 2008, in the Southern District of New York, ANTHONY MORANTE, a/k/a "Anthony Morento," the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about June 25, 2001, for criminal possession of a loaded firearm in the third degree, a Class C felony, in New York Supreme Court, Bronx County, unlawfully, willfully, and knowingly did possess in and affecting commerce, a firearm and ammunition, to wit, a loaded .25 caliber Sterling semi-automatic pistol, with a defaced serial number, which previously had been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

### COUNT TWO

On or about March 19, 2008, in the Southern District of New York, ANTHONY MORANTE, a/k/a "Anthony Morento," the defendant, unlawfully, willfully, and knowingly did possess in

and affecting commerce, a firearm which had the importer's and manufacturer's serial number removed, obliterated, and altered, to wit, a loaded .25 caliber Sterling semi-automatic pistol, with a defaced serial number, which previously had been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(k).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1.  I am a Detective with the New York City Police Department ("NYPD"), and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2.  I have spoken with an NYPD officer ("Officer-1"), who was present during the events described herein, and I have reviewed reports prepared by Officer-1 regarding those same events. From doing so, I have learned the following, in substance and in part:

(a) On or about March 19, 2008, at approximately 6:00 p.m., Officer-1 and another officer ("Officer-2") were on routine patrol in a marked police car in the Bronx.

(b) Officer-1 observed a group of people in front of a small grocery store that Officer-1 knew from his past experience to be a drug-selling location. Among the group of people in front of the small grocery store Officer-1 saw ANTHONY MORANTE, the defendant, talking to an unidentified male. Officer-1 saw the unidentified male hand a quantity of U.S. currency to MORANTE, and saw MORANTE give something to the unidentified male.

(c) Officer-1 saw a black livery cab pull up where MORANTE was standing and park. Officer-1 saw MORANTE enter the livery cab.

(d) Officer-1 followed the livery cab and pulled it over.

2

3. I have spoken with Officer-2, who was present during the events described herein, and I have learned the following, in substance and in part:

(a) After pulling over the livery cab, the officers got out of their car and approached the livery cab. Officer-1 approached the driver's side window and Officer-2 approached a back passenger window.

(b) Officer-2 could not see into the back seat because the windows were tinted. Officer-2 knocked on the window, but the window did not roll down. Officer-2 then attempted to open the door to the back passenger seat, but the door would not open. Eventually, the window came down and Officer-2 saw ANTHONY MORANTE, the defendant, sitting in the back seat of the livery cab.

(c) Officer-2 opened the door to the back passenger seat and asked MORANTE to step out of the cab. MORANTE complied. Officer-2 then asked MORANTE, in substance and in part, if he had anything in his possession that he should not have. MORANTE replied, in substance and in part: "No, all I have is my switchblade from work." MORANTE then lifted up his jacket revealing a knife clipped to his belt. Officer-2 removed the knife from his belt. The knife was a gravity knife, which is illegal in New York State.

(d) Officer-2 then asked MORANTE, in substance and in part, if he had anything else in his possession that he should not have. At that point, MORANTE became tense and nervous and appeared to Officer-2 as if he might attempt to flee. Officer-2 pushed MORANTE into the back seat of the livery cab to prevent him from fleeing and held him down with his hands on MORANTE's chest. In doing so, Officer-2 felt a hard object on the left side of MORANTE's jacket, which he believed to be a gun.

(e) The Officers then arrested MORANTE. After arresting MORANTE, Officer-2 recovered a firearm from his left inside jacket pocket. The officers then transported MORANTE back to the 48th Precinct for arrest processing.

(f) On the way back to the precinct, MORANTE stated, in substance and in part: "The gun's clean. You're not going to get prints."

4. I have reviewed the ballistics report of the firearm recovered from ANTHONY MORANTE, the defendant. Based on my review of that report, I know that the firearm recovered from

MORANTE was identified as a .25 caliber Sterling semi-automatic pistol. The magazine was loaded with eight rounds and the serial number on the pistol had been defaced.

    5. I have reviewed the firearms trace report of the firearm recovered from ANTHONY MORANTE, the defendant. Based on my review of that report, I also know that the .25 caliber Sterling semi-automatic pistol has traveled in interstate commerce after having been manufactured in the State of New York.

    6. I have reviewed criminal records pertaining to ANTHONY MORANTE, the defendant. Those records reveal that on or about June 25, 2001, MORANTE was convicted of criminal possession of a loaded firearm in the third degree, a Class C felony, in New York Supreme Court, Bronx County.

    WHEREFORE, the deponent prays that a warrant be issued for the arrest of ANTHONY MORANTE, the defendant, and that he be imprisoned, or bailed, as the case may be.

_____
EDWARD BRITTAIN
New York City Police Department

Sworn to before me this
17th day of April, 2008

S/ _____
HONORABLE DEBRA C. FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA           :        08 CR. 585 (GEL)

    - v -                              :

**ANTHONY MORANTE,**                  :

    Defendant.                        :

------------------------------------------------------X

## DECLARATION OF ANTHONY MORANTE

I, ANTHONY MORANTE, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the defendant in the above captioned criminal case, and I make this declaration in support of a motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained from me by law enforcement authorities in violation of my constitutional rights. Since the only purpose of this declaration is to show that my constitutional rights were violated, I have not included every detail of what occurred.

2. On the evening of March 19, 2008, I was standing in the vicinity of 187th Street and Cambreleng Avenue in the Bronx.

3. I was not engaged in any suspicious behavior. Contrary to the allegation in the complaint filed against me in this case, I was not involved in the exchange of anything for money.

4. I got in a livery cab and that cab was pulled over by New York police officers. To the best of my knowledge, there was no traffic violation or infraction prior to the cab being

pulled over.

Dated:  Brooklyn, New York
        August 14, 2008

                                                        Anthony Morante